Matthew C. Freeman, SBN 128530
LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119
Santa Rosa, CA 95407
Telephone: (707) 575-7141
Facsimile: (707) 575-4382

Attorneys for Plaintiffs
JERRI MILLER and ERIC MILLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**MEJ**

**CV 08  0176**

JERRI MILLER and ERIC MILLER,

    Plaintiffs,

    vs.

OPERADORA DE HOTELES VILLA MEXICANA, S.A., a Corporation organized under the laws of Mexico; and DOES 1 through 100, inclusive,

    Defendants.

Case No.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, PREMISES LIABILITY, LOSS OF CONSORTIUM and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**JURY TRIAL DEMANDED**

COME NOW PLAINTIFFS JERRI MILLER AND ERIC MILLER AND ALLEGE AS FOLLOWS:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the controversy raised in this action pursuant to 28 U.S.C.A. § 1332 in that: (1) Plaintiffs Jerri & Eric Miller are citizens of the United States and residents of the State of California; (2) Defendant Operadora De Hoteles Villa Mexicana, S.A. (Sociedad Anonina) (hereafter "Defendant") is a Corporation organized under the laws of Mexico with its principal place of business in Zihuatanejo, Guerrero, México; and (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

1  2.  This Court has jurisdiction over Defendant because Defendant has purposefully directed its activities towards residents of the United States generally, and residents of the State of California and this District in particular, such that the exercise of in personam jurisdiction as to this case would be fair and reasonable based on the following non-exclusive facts: Defendant operates a resort hotel in Zihuatanejo, Guerrero, México; Defendant's hotel caters to American customers; Defendant advertises extensively on the Internet seeking American customers – the primary language of Defendant's Internet advertising is English not Spanish (see Exhibit A hereto) and the very first lines of Defendant's web page regarding airline travel (see Exhibit B hereto) specifically refers potential customers to Aero California, stating that Aero California's "scheduled flights serve tourists from Los Angeles and Tucson Phoenix"; Defendant has an agency relationship with a travel agent in Chula Vista, California for the specific purpose of facilitating travel by customers in California; Plaintiff booked a vacation at Defendant's hotel through Defendant's website and finalized the trip arrangements with Defendant's Chula Vista, California agent.  The case at bar seeks damages for severe and permanently crippling injuries suffered by Plaintiff Jerri Miller when a tree negligently maintained by Defendant fell across Plaintiff Jerri Miller while Plaintiff Jerri Miller was in a hammock on the grounds of Defendant's hotel; the injuries occurred while Plaintiffs were staying as guests at Defendant's hotel pursuant to the reservation booked through Defendant's California agent.

3.  Venue is appropriate in this District because Plaintiffs reside in this District, because the majority of witnesses (primarily medical care providers) live and work in this District, and because the underlying contract between Plaintiff and Defendant was entered into in this District as a result of Plaintiffs responding to advertisements directed towards residents of, *inter alia*, this District.

/ / /

/ / /

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, PREMISES LIABILITY, LOSS OF CONSORTIUM AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS                    2

## THE PARTIES

4. At all times herein mentioned Plaintiffs Jerri Miller and Eric Miller were, and are now, residents of Santa Rosa, Sonoma County, California.

5. At all times herein mentioned Defendant Operadora De Hoteles Villa Mexicana, S.A. was, and is now, a Corporation organized under the laws of Mexico which owns and operates Hotel Villa Mexicana located in Zihuatanejo, Guerrero, México.

6. Defendants DOES 1 through 100 are listed by such fictitious names because their true names and identities are unknown to Plaintiffs. Plaintiffs will ask leave of court to insert their true names when said names are ascertained. Plaintiffs are informed and believe, and thereon allege, that each of Defendants DOES 1 through 100 are in some way responsible for the acts complained of herein.

7. At all times herein mentioned, each Defendant was the agent, servant and employee of each other Defendant and was acting within the course and scope of their agency or employment, with the knowledge and consent of their principal or employer.

## GENERAL ALLEGATIONS

8. Defendant is the owner/operator of the Hotel Villa Mexicana ("Villa Mexicana") located on La Ropa Beach in Zihuatanejo Bay, Guerrero, Mexico. Villa Mexicana is a resort hotel catering to tourists visiting Mexico, primarily tourists who reside in the United States. Among the amenities offered at the Villa Mexicana are swimming pools, sunbathing areas and, at the time of the wrongful events involved in this case, hammocks attached to poles, which were put in place by Villa Mexicana for guests to lay in. At the time of the wrongful acts involved in this case, Villa Mexicana had hammocks attached to poles set in the concrete patio area, as depicted in the photographs attached hereto as, collectively, Exhibit C.

9. On or about January 11, 2006 Plaintiffs were guests at Villa Mexicana. Plaintiff Jerri Miller lay in one of the hammocks provided by the Villa Mexicana for

guests. The pole to which the hammock Plaintiff Jerri Miller was in came loose and fell across Plaintiff Jerri Miller's body, causing severe physical injuries to Plaintiff Jerri Miller including, but by no means limited to, a fractured pelvis, fractured scapula, and back and spinal injuries. Plaintiff Jerri Miller was airlifted to the United States for medical care within hours of the injuries, and has undergone numerous surgeries.

10. As a direct result of the injuries suffered by Plaintiff Jerri Miller on January 11, 2006, and even after two years of rehabilitative therapy, Plaintiff Jerri Miller – formerly an athletic and active woman – is unable to walk without a cane and has a pronounced limp, has limited use of her left arm and highly limited range of motion in her shoulder and back and is in constant pain; in short, direct result of the injuries suffered on January 11, 2006 Plaintiff Jerri Miller is badly crippled and will remain so for life. Plaintiff Jerri Miller's medical bills for treatment of her injuries suffered on January 11, 2006 currently exceed $340,000 and are predicted to exceed $600,000 over her lifetime. In addition, as a direct and proximate result of the injuries suffered by Plaintiff Jerri Miller on January 11, 2006 Plaintiff Jerri Miller is unable to continue her prior employment as a salesperson in a retail wood burning stove store, or to hold any employment whatsoever.

**FIRST CAUSE OF ACTION**
Negligence
(By Plaintiff Jerri Miller against all Defendants)

10. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. Defendants, and each of them, had a duty to Plaintiff Jerri Miller, as a guest of the Villa Mexicana, to maintain the hammocks provided for guests of Villa Mexicana, and the supporting poles for those hammocks, in a safely usable condition so as to prevent injury to hotel guests who used the hammocks in a manner reasonably foreseeable to Defendants, as did Plaintiff Jerri Miller.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, PREMISES LIABILITY,
LOSS OF CONSORTIUM AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS    4

1   12.   On or about January 11, 2006 Defendants, and each of them, breached
2   their duty to Plaintiff Jerri Miller by failing to maintain the hammocks provided for
3   guests and the supporting poles for those hammocks – specifically the hammock
4   used by Plaintiff Jerri Miller on January 11, 2006 and the pole supporting that
5   hammock – in a safely usable condition.

6   13.   As a direct and proximate result of the failure of Defendants, and each
7   of them, to maintain the hammocks provided for guests of Villa Mexicana and the
8   supporting poles for those hammocks – specifically the hammock used by Plaintiff
9   Jerri Miller on January 11, 2006 and the pole supporting that hammock – in a safely
10  usable condition Plaintiff Jerri Miller suffered the physical injuries herein alleged.

11  14.   As a further direct and proximate result of the negligence of
12  Defendants, and each of them, Plaintiff Jerri Miller was hurt and injured in her
13  health, strength and activity, sustaining injury to her body and nervous system all of
14  which injuries have caused, and will continue to cause, Plaintiff great physical,
15  mental and nervous pain and suffering.  Plaintiff Jerri Miller is informed and
16  believes, and thereon alleges, that the aforesaid injuries will result in permanent the
17  disability of Plaintiff Jerri Miller.  As a result of such injuries, Plaintiff Jerri Miller
18  has suffered general damages in an amount not yet certain.  Plaintiff Jerri Miller
19  requests leave to amend this complaint to state such damages in an amount
20  according to proof at the time of trial.

21  15.   As a further direct and proximate result of the negligence of
22  Defendants, and each of them, Plaintiff Jerri Miller has incurred, and continues to
23  incur, medical and related expenses all to Plaintiff Jerri Miller's damage in an
24  amount not yet certain.  Plaintiff Jerri Miller requests leave to amend this complaint
25  to state such damages in an amount according to proof at the time of trial.

26  16.   As a further direct and proximate result of the negligence of
27  Defendants, and each of them, Plaintiff Jerri Miller's earnings capacity has been
28  impaired in the past, present and future all to Plaintiff Jerri Miller's damage in an

1  amount not yet certain. Plaintiff Jerri Miller requests leave to amend this complaint
2  to state such damages in an amount according to proof at the time of trial.

3  **WHEREFORE** Plaintiff Jerri Miller prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
Premises Liability
(By Plaintiff Jerri Miller against all Defendants)

7  17.  Plaintiff incorporates by reference the allegations of Paragraphs 1
8  through 16, inclusive, as though fully set forth herein.

9  18.  At all times herein mentioned Defendants, and each of them, owned,
10  maintained, controlled, managed and operated the business premises commonly
11  known as "Hoteles Villa Mexicana" located at Playa La Ropa S/N, Zihuatanejo,
12  Guerrero, México.

13  19.  On or about January 11, 2006 Plaintiff Jerri Miller was a guest of
14  Defendants, and each of them, at said premises and was laying in a hammock
15  provided by Defendants, and each of them, for the use of guests such as Plaintiff
16  Jerri Miller.

17  20.  At the aforementioned time and place Defendants, and each of them,
18  negligently maintained, managed, controlled and operated said premises so as to
19  cause the pole to which the hammock Plaintiff Jerri Miller was in to come loose and
20  fall across Plaintiff Jerri Miller's body, causing severe physical injuries to Plaintiff
21  Jerri Miller.

22  21.  As a further direct and proximate result of the negligence of
23  Defendants, and each of them, Plaintiff Jerri Miller was hurt and injured in her
24  health, strength and activity, sustaining injury to her body and nervous system all of
25  which injuries have caused, and will continue to cause, Plaintiff great physical,
26  mental and nervous pain and suffering. Plaintiff Jerri Miller is informed and
27  believes, and thereon alleges, that the aforesaid injuries will result in permanent the
28  disability of Plaintiff Jerri Miller. As a result of such injuries, Plaintiff Jerri Miller

1  has suffered general damages in an amount not yet certain. Plaintiff Jerri Miller
2  requests leave to amend this complaint to state such damages in an amount
3  according to proof at the time of trial.

4      22.   As a further direct and proximate result of the negligence of
5  Defendants, and each of them, Plaintiff Jerri Miller has incurred, and continues to
6  incur, medical and related expenses all to Plaintiff Jerri Miller's damage in an
7  amount not yet certain. Plaintiff Jerri Miller requests leave to amend this complaint
8  to state such damages in an amount according to proof at the time of trial.

9      23.   As a further direct and proximate result of the negligence of
10 Defendants, and each of them, Plaintiff Jerri Miller's earnings capacity has been
11 impaired in the past, present and future all to Plaintiff Jerri Miller's damage in an
12 amount not yet certain. Plaintiff Jerri Miller requests leave to amend this complaint
13 to state such damages in an amount according to proof at the time of trial.

14     **WHEREFORE** Plaintiff Jerri Miller prays for judgment as set forth below.

15

16                     **THIRD CAUSE OF ACTION**
                          Loss of Consortium
17            (By Plaintiff Eric Miller against all Defendants)

18     24.   Plaintiff incorporates by reference the allegations of Paragraphs 1
19 through 23, inclusive, as though fully set forth herein.

20     25.   At all times herein mentioned, Plaintiff Eric Miller was, and is now,
21 the lawfully married spouse of Plaintiff Jerri Miller.

22     26.   On or about January 11, 2006 Plaintiff Jerri Miller suffered severe
23 physical injuries as described above as a direct and proximate result of the
24 negligence of Defendants, and each of them, as described above.

25     27.   Prior to the physical injuries suffered by Plaintiff Jerri Miller as
26 alleged above, Plaintiff Jerri Miller was able to and did perform her duties as wife
27 to Plaintiff Eric Miller. Subsequent to the physical injuries suffered by Plaintiff
28 Jerri Miller as alleged above, and as a direct and proximate result of those injuries,

Plaintiff Jerri Miller has been, and continues to be, unable to perform her duties as wife to Plaintiff Eric Miller. In addition, prior to the physical injuries suffered by Plaintiff Jerri Miller, Plaintiff Jerri Miller was able to and did perform work and services in the care, maintenance and management of the family home. Subsequent to the physical injuries suffered by Plaintiff Jerri Miller as alleged above, and as a direct and proximate result of those injuries, Plaintiff Jerri Miller has been, and continues to be, unable to perform work and services in the care, maintenance and management of the family home, all to Plaintiff Eric Miller's damage in an amount according to proof at trial.

**WHEREFORE** Plaintiff Eric Miller prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
Negligent Infliction of Emotional Distress
(By Plaintiff Eric Miller against all Defendants)

28. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. At all times herein mentioned, Plaintiff Eric Miller was, and is now, the lawfully married spouse of Plaintiff Jerri Miller.

30. On or about January 11, 2006 Plaintiff Jerri Miller was severely injured as a result of a large pole falling on her, causing severe physical injuries to Plaintiff Jerri Miller including, but by no means limited to, a fractured pelvis, fractured scapula, and back and spinal injuries. Said injuries were suffered by Plaintiff Jerri Miller as a direct and proximate result of the wrongful conduct and negligence of Defendants, and each of them, as alleged above.

31. Plaintiff Eric Miller was physically present at the time of the event which caused injury to his wife, Plaintiff Jerri Miller. Plaintiff Eric Miller witnessed the event and was contemporaneously aware of the fact that his wife was being injured and/or in peril.

32. As a direct and proximate result of the wrongful acts of Defendants,

1  being injured and/or in peril.

2      32.    As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff Eric Miller suffered severe emotional distress and mental suffering, including severe emotional shock and trauma, all to Plaintiff Eric Miller's damage in an amount not yet certain. Plaintiff Eric Miller requests leave to amend this complaint to state such damages in an amount according to proof at the time of trial.

    **WHEREFORE** Plaintiffs pray for judgment as follows:

**PURSUANT TO THE FIRST AND SECOND CAUSES OF ACTION:**

    1.    An award of general and special damages to Plaintiff Jerri Miller in an amount according to proof at trial.

**PURSUANT TO THE THIRD AND FOURTH CAUSES OF ACTION:**

    1.    An award of general and special damages to Plaintiff Eric Miller in an amount according to proof at trial.

**PURSUANT TO ALL CAUSES OF ACTION:**

    1.    Pre-judgment and post-judgment interest in amount according to proof at trial to the extent provided by law.

    2.    Costs of suit incurred herein.

    3.    Such other and further relief as the Court deems just and proper.

<b>DEMAND FOR JURY TRIAL</b>

    Plaintiffs Jerri Miller and Eric Miller hereby demand trial by jury in this action.

Dated: January 9, 2007    LAW OFFICES OF FREEMAN & FREEMAN

By: _____
Matthew C. Freeman
Attorneys for Plaintiffs
JERRI MILLER and ERIC MILLER

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, PREMISES LIABILITY,
LOSS OF CONSORTIUM AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS    9